21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles R. DAY, Petitioner-Appellant,
v.
Dan REYNOLDS, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 93-6367.
 United States Court of Appeals, Tenth Circuit.
 April 5, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 McKAY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Charles Day appeals from the district court's denial of his petition for habeas corpus.[2] Mr. Day is currently serving a sixty year sentence for second degree fraud after former conviction of two or more felonies. Mr. Day argues in his habeas petition that the State of Oklahoma is violating his rights under the equal protection clause of the Fourteenth Amendment because he is being denied emergency time credits (CAP credits) available to other prisoners under the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. tit. 57, 570-76 (1991 & Supp.1993-94) (the "Act").[3] The Act provides for the application of sixty day time credits to certain prisoners convicted of nonviolent crimes when the state prison population exceeds ninety-five percent of capacity. Okla. Stat. tit. 57, 573. Excluded from the group of eligible prisoners are those prisoners who have been convicted of second or subsequent offenses pursuant to sections 51 or 52 of Title 21 of the Oklahoma Statutes. Mr. Day falls within the excluded group.
 
 
 3
 The district court adopted the magistrate judge's recommendation that the petition be dismissed on two grounds. First, the district court held that the petition constituted an abuse of the writ in that Mr. Day had filed at least one previous petition that failed to raise the issue in the current petition. The government bears the burden of adequately asserting an abuse of the writ. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). The burden then falls on the petitioner to show cause for his failure to raise the claims in his previous petitions, as well as prejudice therefrom. Id. The district court held that the government had adequately raised the abuse of the writ issue, finding that the Act was in force at the time Mr. Day had filed a previous habeas petition, and that Mr. Day had not shown cause for not raising the claims made in the instant petition at the time of his earlier petition. The record before us is insufficient for us to rule on this aspect of the district court's ruling. The nature of the Act is such that the availability of emergency time credits is dependent upon overcrowding of the Oklahoma state prisons and a declaration of a prison overcrowding state of emergency. See Okla. Stat. tit. 57, 572-73. We have no evidence before us that at the time that Mr. Day filed the earlier petition cited by the government and the district court there was such a declared emergency. Accordingly, we cannot determine whether the issue raised in this petition was available to Mr. Day at the time he filed his earlier petition. We therefore decline to rule on the district court's holding on abuse of the writ.
 
 
 4
 However, despite the district court's ruling on abuse of the writ, that court proceeded to the merits of the appeal, concluding that the differential treatment accorded repeat offenders under the Act did not constitute a violation of due process or the equal protection clause. After reviewing the briefs of the parties, the record on appeal, and the district court's Order of August 30, 1993, we AFFIRM for substantially the reasons set forth by the district court on this point in that Order.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court denied Mr. Day leave to proceed in forma pauperis on appeal, and denied his application for a certificate of probable cause to appeal. Mr. Day's application for a certificate of probable cause and request for leave to proceed in forma pauperis are currently before this court. We issue a certificate of probable cause, grant appellant's request to proceed in forma pauperis, and proceed to the merits of the appeal
 
 
 [3]
 Mr. Day does not challenge his conviction in this appeal