21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack Lauren MARTIN, Plaintiff-Appellant,
v.
STATE of Oklahoma; Oklahoma Department of Corrections,
Defendants-Appellees.
 No. 94-6004.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Martin, a state inmate and pro se litigant, appeals the decision of the district court which held the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. Ann. tit. 57, 570-576 (West 1991), was not unconstitutional as applied to him. We grant Mr. Martin permission to proceed in forma pauperis, exercise jurisdiction, and affirm.
 
 
 3
 Oklahoma enacted a law that provided that prison inmates would receive extra credits toward their sentence if: (1) the inmate is classified as medium or lower security; (2) the inmate is incarcerated for a nonviolent offense; and (3) the inmate is not incarcerated for a second or subsequent offense. Okla. Stat. Ann. tit. 57, 573 (West 1991). Mr. Martin does not fit into any of these classifications as he is serving six consecutive ten-year sentences for convictions of six counts of Solicitation of Murder in the First Degree after former conviction of a felony.
 
 
 4
 Mr. Martin commenced this suit alleging, inter alia, that this law is unconstitutional as it denies equal protection to the class of inmates of which he is a member, i.e., violent offenders.
 
 
 5
 On summary judgment, the district court held the classification employed by the State of Oklahoma is rationally related to a legitimate state interest and denied Mr. Martin relief.
 
 
 6
 Mr. Martin appeals this decision. "We review the grant or denial of summary judgment de novo.... [A]pply[ing] the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Thus, viewing the record in the light most favorable to Mr. Martin as the party opposing the motion, summary judgment is appropriate if there was no genuine dispute over a material fact and the moving parties are entitled to judgment as a matter of law. We find no error in the district court's conclusion that there is no genuine dispute over a material fact. We find no merit in any of Mr. Martin's numerous assertions, and as the Appellees are entitled to judgment as a matter of law, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470