**Timothy KEETON, Plaintiff–Appellant,**

v.

**STATE OF OKLAHOMA and Larry Fields, Defendants–Appellees.**

No. 94–6011.

United States Court of Appeals, Tenth Circuit.

July 7, 1994.

Timothy Keeton, submitted on the brief, pro se.

Before LOGAN, SETH, and BARRETT, Circuit Judges.

SETH, Circuit Judge.

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant Timothy Keeton, a prisoner in an Oklahoma state prison, filed a *pro se* civil rights complaint against the Appellees pursuant to 42 U.S.C. § 1983. The gist of his complaint was that the Oklahoma Prison Overcrowding Emergency Powers Act ("Act"), Okla.Stat. tit. 57, §§ 570–576, unconstitutionally deprives him of his Fourteenth Amendment right to equal protection. After a magistrate issued a report and recommendation and Appellant timely objected, the United States District Court for the Western District of Oklahoma dismissed the complaint with prejudice for failure to state a claim.

On appeal, Appellant raises essentially the same issues as presented to the district court. We are obliged to liberally construe Appellant's pleadings since he is proceeding *pro se. Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir.). Even with liberal construction, we agree with the district court that Appellant's complaint was not a petition for writ of habeas corpus, which would have been denied for failure to exhaust state remedies, but may only be considered as a § 1983 action concerning his substantive equal protection assertions.

Appellant complains that the Act permits the state to release prisoners early in order to alleviate overcrowding problems, but that certain groups of prisoners are not permitted to receive early release under the Act. Since Appellant is not claiming discrimination based on a suspect classification or denial of a fundamental right, the appropriate standard is whether the statute has a rational relationship to a legitimate state interest. *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16.

We agree with the district court that the state has a legitimate interest in reducing prison overcrowding in emergency conditions and thereby diminishing the many attendant difficulties related to overcrowding. Furthermore, the state has a legitimate interest in designating that only prisoners who have been convicted of lesser crimes or who are subject to no higher than medium security may be released so as to avoid a greater threat to society at large. Because the Act is written to promote these interests, we find that the Act is rationally related to legitimate state interests. Consequently, since there is no evidence that Appellant is being treated differently than similarly situated prisoners, i.e., prisoners with the same or similar classification, and the Act is constitutional, Appellant has failed to state a claim upon which relief could be granted.

After carefully reviewing the record, we find the Appellant's other contentions on appeal to be without merit. Accordingly, the decision of the district court is AFFIRMED. The mandate shall issue forthwith.