30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry BRENNAN, Plaintiff-Appellant,
v.
Larry FIELDS; State of Oklahoma, Defendants-Appellees.
 No. 94-6014.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Jerry Brennan ("Brennan") appeals from the district court's dismissal of his 42 U.S.C.1983 action as frivolous under 28 U.S.C.1915(d). Brennan, a state prisoner, alleged that Defendants-Appellees Larry Fields and the State of Oklahoma ("Appellees") had violated his rights to equal protection of the laws under the Fourteenth Amendment and to be free of cruel and unusual punishment under the Eighth Amendment, because he was denied emergency time credits available to other state prisoners under the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. tit. 57, 570-76 (1991 & Supp.1993-94) (the "Act").[2] The Act provides for sixty-day time credits for certain prisoners convicted of nonviolent crimes whenever the state prison population exceeds ninety-five percent of capacity. Id. at 573. Excluded from the group of eligible prisoners are those who have been convicted of violent offenses, second or subsequent offenses, or who are incarcerated in higher than medium security facilities. Id. Brennan alleges he falls into one of these ineligible categories, although his complaint does not indicate to which category he belongs. He claims his exclusion from the group that has received the time credits violates his equal protection rights and that it leaves him in an overcrowded prison system constituting cruel and unusual punishment. Both the magistrate judge and the district judge found that Brennan's claims were without legal or factual support and dismissed them as frivolous.
 
 
 3
 We review the district court's dismissal under 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). After a review of the record and Brennan's brief, we AFFIRM for substantially the same reasons found in the magistrate judge's recommendation and the district court's November 22, 1993 and December 29, 1993 orders.[3]
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Brennan also argues that the Act is unconstitutional because it violates orders based on prior prison overcrowding litigation in Oklahoma. See Battle v. Anderson, 564 F.2d 388 (10th Cir.1977); Battle v. Anderson, 708 F.2d 1523 (10th Cir.1983), cert. dismissed sub nom, Meachum v. Battle, 465 U.S. 1014 (1984). Brennan does not explain exactly how the Act is unconstitutional in this regard. The magistrate's report, adopted by the district court, found that the Act was intended to reduce prison overcrowding, not aggravate it
 
 
 [3]
 Brennan also complains that the district court erroneously denied him an opportunity for discovery and an evidentiary hearing. Since we conclude that the district court properly dismissed Brennan's complaint as legally frivolous under 1915(d), we conclude that the district court did not commit error by denying Brennan discovery or an evidentiary proceeding