30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James W. WILKINSON, Plaintiff-Appellant,
v.
Larry FIELDS, Defendants-Appellees.
 No. 94-6016.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Wilkinson, appearing pro se and in forma pauperis, appeals the dismissal with prejudice of his civil rights complaint, 42 U.S.C.1983, for declaratory and injunctive relief, I R. doc. 2 at 4, pursuant to 28 U.S.C.1915(d). Mr. Wilkinson claims that the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. Ann. tit. 57, 570-576 (West 1991 & 1994 Supp.), violates equal protection due to classification by type of crime or past criminal record. I R. doc. 3 at 2.
 
 
 2
 We review the district court's 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Given the mandated liberal construction for pro se pleadings, we construe this action as seeking prospective injunctive relief rather than a challenge to the fact or duration of his confinement. See Herrera v. Harkins, 949 F.2d 1096, 1097-98 (10th Cir.1991); Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir.1991). The totally general theory advanced by Mr. Wilkinson in his pleadings, however, is meritless because the Act's classifications need only be supported by a rational basis. See Keeton v. State, 94-6011, slip op. at 3 (10th Cir. July 7, 1994). As such, a 1915 dismissal is appropriate. See Neitzke v. Williams, 490 U.S. 319, 327-328 (1989). Insofar as the district court's dismissal is with prejudice, we agree with the Fifth Circuit that normally a 1915(d) dismissal should be without prejudice; however, when an amendment or subsequently paid filing could not remedy the factual or legal defect contained in the complaint, a dismissal with prejudice is appropriate. See Graves v. Hampton, 1 F.3d 315, 318-19 (5th Cir.1993). Here, Mr. Wilkinson's position that the Act may only be applied to all prisoners in a like manner is foreclosed completely by existing law, so the district court did not abuse its discretion in dismissing the complaint with prejudice.
 
 
 3
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument