37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Floyd John W. AARON, Plaintiff-Appellant,
v.
Larry A. FIELDS; State of Oklahoma, Defendants-Appellees.
 No. 94-6143.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's order dismissing his civil rights action as frivolous under 28 U.S.C.1915(d). We affirm.
 
 
 4
 Plaintiff, a pro se Oklahoma state prisoner, alleged that the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. Ann. tit. 57, 570-576 (West 1991 & Supp.1994), as applied, unconstitutionally violates his right to equal protection. The Act provides that whenever the Oklahoma prison population exceeds ninety-five percent of capacity for more than thirty days a prison inmate will receive sixty days of credit toward his sentence if the inmate (1) is classified at a medium or lower security level; (2) is incarcerated for a nonviolent offense; and (3) is not incarcerated for a second or subsequent offense. Id. 572-573. Plaintiff, who apparently is ineligible for these credits, maintained this Act denies equal protection because it does not apply to all similarly situated inmates. Also, plaintiff alleged that his Eighth Amendment right to be free from cruel and unusual punishment is violated because he is forced to remain in overcrowded prison conditions without the benefit of the application of the Act to all inmates. Both the magistrate judge and district judge determined that plaintiff's allegations were without legal or factual support. Accordingly, the district court dismissed the action as frivolous under 1915(d).
 
 
 5
 Liberally construing plaintiff's pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we review the district court's dismissal under 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under 1915(d), a district court may dismiss an action filed in forma pauperis if it is frivolous. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 The district court held that there is no equal protection violation because the classification used in the Act is rationally related to a legitimate state interest. Contrary to his argument, plaintiff is not a member of a suspect class. See Baer v. City of Wauwatosa, 716 F.2d 1117, 1125 (7th Cir.1983)(convicted felons are not members of a protected class). Also, plaintiff has no fundamental right of entitlement to credits under the Act. Therefore, the district court appropriately considered "whether the statute has a rational relationship to a legitimate state interest." Keeton v. Oklahoma, No. 94-6011, 1994 WL 390726, at * 1 (10th Cir. July 7, 1994)(citing San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973)).
 
 
 7
 We agree with the district court that the state has a legitimate interest in reducing prison overcrowding in emergency conditions and thereby diminishing the many attendant difficulties related to overcrowding. Furthermore, the state has a legitimate interest in designating that only prisoners who have been convicted of lesser crimes or who are subject to no higher than medium security may be released so as to avoid a greater threat to society at large. Because the Act is written to promote these interests, we find that the Act is rationally related to legitimate state interests. Consequently, since there is no evidence that [plaintiff] is being treated differently than similarly situated prisoners, i.e., prisoners with the same or similar classification, and the Act is constitutional,
 
 
 8
 id., we conclude the district court correctly determined that plaintiff made no argument under the facts or law that his equal protection rights are being violated.
 
 
 9
 The district court also correctly determined plaintiff made no factual allegations of deliberate conduct by defendants amounting to cruel and unusual punishment. See Farmer v. Brennan, 114 S.Ct. 1970, 1971 (1994)(Eighth Amendment violation requires deliberate indifference by defendants).
 
 
 10
 We conclude the district court did not abuse its discretion in dismissing this action as frivolous under 1915(d). Because this action is frivolous, plaintiff's contentions that the district court should have held an evidentiary hearing and permitted discovery are without merit.[2]
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED for substantially the reasons set forth in the magistrate judge's report and recommendation which was adopted by the district court. Plaintiff's motion to allow discovery of records concerning class certification is DENIED. Plaintiff's requests for appointment of counsel and an evidentiary hearing are DENIED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We decline to consider plaintiff's newly raised equal protection argument that prosecutorial discretion in charging results in credit eligibility disparities among inmates. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir.1993)(generally, this court does not consider issues raised for the first time on appeal)