**Christopher SHIFRIN, Plaintiff–Appellant,**

v.

**Larry FIELDS, and State of Oklahoma, Defendants–Appellees.**

**No. 94–6073.**

United States Court of Appeals, Tenth Circuit.

Nov. 4, 1994.

---

Christopher Shifrin, pro se.

Susan B. Loving, Atty. Gen. of Oklahoma, and Karin M. Kriz, Asst. Atty. Gen., Oklahoma City, OK, for defendants-appellees.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff–Appellant Christopher Shifrin ("Appellant"), an Oklahoma state inmate, brought this *pro se* civil rights action under 42 U.S.C. § 1983 for declaratory and injunctive relief. Appellant argues that because he is ineligible for the sentence credits provided in the Oklahoma Prison Overcrowding Emergency Powers Act, Okla.Stat.Ann. tit. 57, §§ 570–576 (West 1991 & Supp.1994) ("the Act"), enforcement of the Act violates his equal protection and due process rights by excluding him from the group benefitted from the Act, and violates the Eighth Amendment of the United States Constitution by forcing him to remain incarcerated in overcrowded prison conditions. The district court adopted the magistrate's recommendation and dismissed Appellant's complaint on

**1114**

Appellee's motion for summary judgment.[1] Appellant challenges that decision, and we AFFIRM.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Viewing the record in the light most favorable to Appellant, the party opposing the motion, we find no error in the district court's conclusion that no genuine dispute over a material fact exists, and that Appellees are entitled to judgment as a matter of law.[2] *See id.*

The Act at issue provides that whenever the Oklahoma prison population exceeds ninety-five percent of capacity for more than thirty days, all inmates who are not classified above a medium security level, not incarcerated for a violent offense, and not incarcerated for a "second or subsequent offense," receive sixty days credit towards their sentences. Okla.Stat.Ann. tit. 57, §§ 572–573. Because Appellant is a subsequent offender incarcerated for a violent offense, he is ineligible for these emergency time credits.

The district court correctly determined that Appellant failed to make a viable argument that excluding inmates from emergency time credits because of their status as violent or repeat offenders violates the Equal Protection Clause, the Due Process Clause, or the Eighth Amendment. First, the magistrate's recommendation properly concluded that violent or repeat offenders are not a suspect class; that the Act must therefore bear only a rational relationship to a legitimate state interest to withstand equal protection review; and that the Act is indeed rationally related to legitimate penological concerns.[3] *Keeton v. Oklahoma*, 32 F.3d 451 (10th Cir.1994).

■ Second, the magistrate's recommendation also properly determined that Appellant, whose ineligibility under the Act was never in dispute, has no constitutionally protected liberty interest in shortening his sentence through emergency time credits.[4] *Cf. Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir.1979) (finding no protected liberty interest when state statute creates possibility of parole). Thus, Appellant has no viable claim to any specific due process procedures.

■ Lastly, the magistrate judge correctly rejected Appellant's assertion that remaining in overcrowded prison conditions without the benefit of emergency time credits constitutes cruel and unusual punishment.[5] Absent allegations of "deliberate indifference" by prison officials and of a "specific deprivation" of a "human need," an Eighth Amendment claim based on prison conditions must fail. *Wilson*

---

1. The district court also accepted the magistrate's recommendation to deny Appellant's motion to proceed *in forma pauperis* on appeal. We now grant Appellant's renewed request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

2. Appellant also contends that the district court improperly denied his requests for discovery and an evidentiary hearing. Because we conclude that the district court properly dismissed Appellant's complaint as a matter of law on summary judgment, we also conclude that the district court did not commit error by denying Appellant these requests.

3. We note that in a series of unpublished dispositions, the Tenth Circuit has already rejected similar equal protection claims by other Oklahoma inmates who are also ineligible for the Act's emergency time credits. *E.g., Aaron v. Fields*, No. 94–6143, 1994 WL 548928, at *1–2, 37 F.3d 1509 (10th Cir. Oct. 7, 1994) (unpublished dispo-

sition); *Wilkinson v. Fields*, 30 F.3d 142 (10th Cir.1994); *Brennan v. Fields*, 30 F.3d 141 (10th Cir.1994) (unpublished disposition); *Martin v. State of Oklahoma*, 21 F.3d 1121 (10th Cir.1994) (unpublished disposition); *Day v. Reynolds*, 21 F.3d 1121 (10th Cir.1994) (unpublished disposition).

4. We note that in an unpublished disposition the Tenth Circuit has already rejected a similar due process claim by another Oklahoma inmate who is also ineligible for the Act's emergency time credits. *Day v. Reynolds*, 21 F.3d 1121 (10th Cir.1994) (unpublished disposition).

5. We note that in several unpublished dispositions the Tenth Circuit has already rejected similar Eighth Amendment claims by other Oklahoma inmates who are also ineligible for the Act's emergency time credits. *E.g., Aaron v. Fields*, No. 94–6143, 1994 WL 548928, at *2, 37 F.3d 1509 (10th Cir.1994) (unpublished disposition); *Brennan v. Fields*, 30 F.3d 141 (10th Cir. 1994) (unpublished disposition).

*v. Seiter,* 501 U.S. 294, 303–05, 111 S.Ct. 2321, 2326–27, 115 L.Ed.2d 271 (1991).

Accordingly, we AFFIRM the judgment of the district court for the reasons set forth more fully in the magistrate's recommendation, which the district court adopted in full.

The mandate shall issue forthwith.