# UNITED STATES COURT OF APPEALS

**Filed 10/10/96**TENTH CIRCUIT

GARY VERN SHARP,

      Plaintiff-Appellant,

v.

LARRY A. FIELDS and FRANK
KEATING,

      Defendants-Appellees.

Case No. 96-6094

(D.C. CIV-96-149)
(Western District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Gary Vern Sharp, a state prisoner proceeding pro se, appeals the district court's sua

sponte dismissal of his civil rights complaint pursuant to Fed. R. Civ. P. 12(b)(6). We

find no error in the district court's dismissal and affirm.[1]

Mr. Sharp filed this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988(a)

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

and challenged the constitutionality of the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. Ann. tit. 57 §§ 570-576 (West 1991 & Supp. 96) (the Act). Mr. Sharp contended that, in excluding all prisoners convicted of violent offenses from eligibility for emergency time credits on their sentences, the Act and accompanying regulations violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Mr. Sharp sought a declaratory judgment that the Act was unconstitutional as well as the award of emergency time credits on his sentence. He named as defendants the Governor of Oklahoma and the Director of the Oklahoma Department of Corrections.

The case was referred to a magistrate judge, who recommended dismissal of Mr. Sharp's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). See Rec. doc. 4. The magistrate judge reasoned that the remedy requested by Mr. Sharp related to the duration of his confinement and that, as a result, his "sole federal remedy is a writ of habeas corpus which requires exhaustion so that the state courts may first consider the issue." Id. at 2. Mr. Sharp objected to the magistrate judge's recommendation, arguing that he had a right to seek declaratory relief under 42 U.S.C. § 1983. See Rec. doc. 5.

The district court then dismissed Mr. Sharp's complaint sua sponte pursuant to Fed. R. Civ. P. 12(b)(6). The court reasoned that Mr. Sharp had not pled a cognizable constitutional claim and noted that "the Tenth Circuit has repeatedly rejected similar challenges to the Prison Overcrowding Act made by other Oklahoma inmates." Rec. doc. 6, at 2 (citing Shifrin v. Fields, 39 F.3d 1112 (10th Cir. 1994)).

2

In reviewing the dismissal of a complaint pursuant to Rule 12(b)(6), we apply the same standards as the district court.  See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995); Gagan v. Norton, 35 F.3d 1473, 1474 (10th Cir. 1994), cert. denied, 115 S. Ct. 1175 (1995).  "We 'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.'"  Gagan, 35 F.3d at1474 n.1 (quoting Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).  A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if "the plaintiff can prove no set of facts to support a claim for relief."  Jojola, 55 F.3d at 490.  Additionally, when the plaintiff is proceeding pro se, we must construe his pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  Gagan, 35 F.3d at 1474 n.1;  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Although the preferred practice is to dismiss a complaint pursuant to Fed R. Civ. P. 12(b)(6) only after the defendant has filed a motion seeking such dismissal and the plaintiff has had the opportunity to respond, "sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile."  McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (internal citations omitted).

We find no reversible error here.  As the district court noted, this circuit has held that the Act's exclusion of violent offenders from eligibility for emergency time credits

on their sentences violates neither the Equal Protection Clause nor the Due Process Clause of the Fourteenth Amendment. See Shifrin, 39 F.3d at 1114; Keeton v. Oklahoma, 32 F.3d 451 (10th Cir. 1994). As to the equal protection challenge, violent offenders are not a suspect class, and the Act is rationally related to legitimate penological concerns. Shifrin, 39 F.3d at 1114. As to the due process challenge, we have concluded that prisoners have no liberty interest in shortening their sentences through emergency time credits. Id. (citing Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir. 1979)). Accordingly, it is "'patently obvious,'" see McKinney, 925 F.2d at 365 (quoting Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 727 (D.C.Cir. 1990) (per curiam)), that Mr. Sharp cannot prevail on the facts alleged.

We therefore AFFIRM the district court's sua sponte dismissal of Mr. Sharp's complaint pursuant to Fed. R. Civ. P. 12(b)(6). The mandate shall issue forthwith.

.                                                    Entered for the Court,


                                                    Robert H. Henry
                                                    Circuit Judge

4