99 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ike ROBINSON; Jackson H. Mathis; Tracey Fish; Dennis
Witty; Daniel A. Kelly; David F. Crawford; John Clark
Hale; Richard Robert Demes; Bobby Moore; Matthew P.
Bruno; Jeffrey Wayne Shelton; Jesse Collett; Luther Faye
Smith; Brandon Morton; William Joseph Reed; Douglas E.
Roth; Ronnie Dean Haas; George S. Nickols; Scott Leach;
Thomas L. Shaw; Raymond Smith; Don L. Stamp; Jeffrey Dan
Williams; Billy Renfro; Michael McCraven; Gary L. Ramsey;
Frankie Wayne Colbert; Robin Dean Logan; Kevin Balch;
Rick Capps; Ronnie Peters; Michael Weldon Lewis; Tim
Hayes; Mike Showalter; Charles Daniel; Edward L. Condon;
George McGary; Robin T. Curtis; Larry Dean Long; Thomas
L. Jennings; Vincent Roland Guerrerro; Sequoya Flechs,
Sr.; Billy Joe McCarter; Charles W. Simmons; Darwin D.
Landes; James M. Miller; Amado Jaurequi; Henry Spears;
George T. Gregory; Richard Dale Mayes; Curtis Dailey,
Plaintiffs-Appellants,
v.
Michael CARR, Warden of Jess Dunn Correctional Center,
Defendant-Appellee.
Aaron HAMPTON, Plaintiff-Appellant,
v.
Michael CARR, Warden of Jess Dunn Correctional Center,
Defendant-Appellee.
Joe JOHNSON, Plaintiff-Appellant,
v.
Michael CARR, Warden of Jess Dunn Correctional Center,
Defendant-Appellee.
 Nos. 94-7143, 94-7146, 94-7147.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1996.
 
 Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,** District Judge.
 ORDER AND JUDGMENT*
 MURPHY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this consolidated appeal, the above-named plaintiffs, inmates at Jess Dunn Corrections Center in Oklahoma (JDCC) at the time their complaints were filed, appeal the district court's dismissal of their pro se complaints brought under 42 U.S.C. § 1983. Plaintiffs' complaints, which were identical, alleged that Michael Carr, warden at JDCC, violated their Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to unsanitary and overcrowded prison conditions at JDCC. The district court consolidated their cases, and dismissed the complaints as frivolous upon defendant's motion for dismissal or summary judgment. Three separate notices of appeal were filed, one by plaintiff Joe Johnson, one by plaintiff Aaron Hampton, and one signed by each of the remaining plaintiffs. These appeals were consolidated.
 
 I.
 
 3
 Plaintiffs' complaints contend that that unsanitary and overcrowded conditions of confinement at JDCC cumulatively constitute cruel and unusual punishment. In particular, they allege: (1) unsanitary conditions in prison dorm areas, including unsanitary mattresses, roach infestation, dirty toilets, faulty plumbing and leaking ceilings; (2) prison overcrowding, resulting in inadequate showers and toilets, dining, laundry, medical and recreational facilities, less than sixty square feet of living space per inmate, and no separate accommodation for inmates with medical or emotional problems or violent behavior; (3) pollution and contamination from JDCC's steam plant and lagoon system; (4) inadequate and unsanitary ventilation; (5) unsanitary food service, including insect and rodent infestation; (6) blocked or locked fire exits; and (7) asbestos contamination.
 
 
 4
 The district court ordered defendant to prepare a report pursuant to the guidelines of Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). The Martinez report stated that JDCC had received satisfactory annual inspection reports by the state fire marshals and health department, and that all areas were cleaned in accordance with JDCC's detailed housekeeping manual. The report stated that JDCC's inside and outside areas are sprayed for pests on a monthly basis. The report noted JDCC's operational capacity exceeded the National Institute of Corrections recommended limit by fifty inmates, and included a breakdown of the number of showers and toilets per inmate. According to the report, JDCC's steam and lagoon system were regularly inspected, and were not causing any contamination or pollution. The report stated air quality was inspected annually. It listed numerous recreational activities available to JDCC inmates, stated laundry services and routine and emergency medical services were available to inmates, and that there was no asbestos in any areas accessible to inmates.
 
 
 5
 The district court dismissed plaintiffs' complaints as frivolous under 28 U.S.C. § 1915(d).[1] In reaching its decision to dismiss the complaint, the court quoted extensively from the Martinez report, concluding that "plaintiffs' medley of general complaints about JDCC do not rise to the standard of constitutionally protected deprivations." It found plaintiffs' allegations were general and conclusory, failed to demonstrate any injury to any of the plaintiffs and were insufficient to state a cause of action. In light of these findings, the court found the complaints lacked an arguable basis either in law or fact.
 
 
 6
 We review the district court's dismissal under § 1915(d) for abuse of discretion. Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987). We conclude the district court abused its discretion in dismissing plaintiffs' complaint as frivolous under § 1915(d). However, we agree with the district court that plaintiffs' claims regarding conditions at JDCC fail to state a claim under § 1983 for cruel and unusual punishment. Therefore, because the claims were appropriately dismissed under Fed.R.Civ.P. 12(b)(6), no remand is necessary. See Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir.1993) (court of appeals may affirm district court's judgment for reasons other than those relied on by district court, as long as those reasons find support in the record).
 
 II.
 
 7
 Section 1915(d) gives the district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991) (accord). Clearly baseless factual allegations include those that are "fantastic or delusional." Neitzke, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). An in forma pauperis complaint may not be dismissed under § 1915(d), however, "simply because the court finds the plaintiff's allegations unlikely." Id.
 
 
 8
 A complaint is legally frivolous if it is based on an "indisputably meritless legal theory" such as an "infringement of a legal interest which clearly does not exist." Neitzke, 490 U.S. at 327. A complaint that fails to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6) is not necessarily frivolous under § 1915(d). Id. at 328-29.
 
 
 9
 When considering whether dismissal under § 1915(d) is proper, a district court may consider a Martinez report in making its "clearly baseless" determination, in order to develop a record sufficient to ascertain whether there are any factual or legal bases for the petitioner's claims. Hall, 935 F.2d at 1109. However, "it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." Id.
 
 
 10
 Plaintiffs alleged that the district court erred in dismissing their complaints under § 1915(d) because some of the plaintiffs had paid their filing fee, and were not proceeding in forma pauperis. As to those plaintiffs who paid their filing fee, we agree the district court committed clear error in dismissing their complaints under § 1915(d), as then in effect, which only authorized dismissal of frivolous actions filed in forma pauperis.[2]
 
 
 11
 As to the remaining plaintiffs, although we conclude their claims ultimately fail, we conclude their complaints were not factually or legally frivolous. They made at least a plausible legal argument in support of their complaints, and their factual allegations, though ultimately too general and conclusory to support a claim, were not "fantastic or delusional," Neitzke, 490 U.S. at 328, nor "wholly incredible," Denton, 504 U.S. at 33. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989) (allegations of unsanitary food conditions, though seemingly improbable or exaggerated, are not frivolous). Prison officials do have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994) (to be reported at 511 U.S. 825). Depending on the severity and duration of the unsanitary and overcrowded conditions alleged, plaintiffs might have stated a claim. See Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir.1980) (prison officials must provide detainees with living space that has "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities), cert. denied, 450 U.S. 1041 (1981); see also Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and diet of 'grue[l]' might be tolerable for a few days and intolerably cruel for weeks or months."). Thus, the district court erred in dismissing plaintiffs' complaint as frivolous under § 1915(d).
 
 III.
 
 12
 Nevertheless, accepting as true plaintiffs' allegations about conditions at JDCC, they failed to state a claim for which relief can be granted under the Eighth Amendment. There are two components of an Eighth Amendment claim which must be proven to support a remedy: an objective component, the alleged deprivation must be sufficiently serious, denying "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and a subjective component, the responsible official must have a sufficiently culpable state of mind, i.e. deliberate indifference, Wilson v. Seiter, 501 U.S. 294, 299-304 (1991) (conditions of confinement case); Clemmons v. Bohannon, 956 F.2d 1523, 1525-26 (10th Cir.1992) (en banc) (acknowledging these components); see also Mitchell v. Maynard, 80 F.3d 1433, 1441-42 (10th Cir.1996).
 
 
 13
 As to the first requirement, "[p]rison conditions violate the [E]ighth [A]mendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.' " Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991) (quoting Rhodes, 452 U.S. at 346-47. The Constitution "does not mandate comfortable prisons" and conditions imposed on prisoners may be "restrictive and even harsh." Rhodes 452 U.S. at 347, 349.
 
 
 14
 The second requirement, deliberate indifference:
 
 
 15
 follows from the principle that 'only the unnecessary and wanton infliction of pain' implicates the Eighth Amendment.... To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'... In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety.
 
 
 16
 Riddle v. Mondragon, 83 F.3d 1197, 1205 (10th Cir.1996) (quoting Farmer, 114 S.Ct. at 1977. Deliberate indifference exists only when the defendant "knows of and disregards an excessive risk to inmate health and safety." Farmer, 114 S.Ct. at 1979. Neither negligence nor constructive notice satisfy the deliberate indifference standard. Id. at 1977-78, 1980. "Absent allegations of 'deliberate indifference' by prison officials and of a 'specific deprivation' of a 'human need,' an Eighth Amendment claim based on prison conditions must fail." Shifrin v. Fields, 39 F.3d 1112, 1114 (10th Cir.1994) (quoting Wilson, 501 U.S. at 303-05).
 
 
 17
 Here, the district court correctly concluded that plaintiffs' general and conclusory allegations failed to demonstrate the standard of deprivation necessary to establish a constitutional violation or that defendant was deliberately indifferent to the alleged conditions. Moreover, plaintiffs failed to state "specific facts connecting the allegedly unconstitutional conditions with [their] own experiences [in the prison], or indicat[e] how the conditions caused [them] injury," which we have held plaintiffs must do in order to state a claim for violation of the Eighth Amendment. Swoboda, 992 F.2d at 289 ("general observations" about prison conditions are not actionable under 42 U.S.C. § 1983).[3] Thus, plaintiffs' claims are not actionable under the Eighth Amendment, and plaintiffs' complaints were properly dismissed under Fed.R.Civ.P. 12(b)(6) on the basis that they failed to state a claim. See Hall, 935 F.2d at 1109-1110.
 
 IV.
 
 18
 Plaintiff Joe Johnson also appeals the denial of his motion to recuse the district court judge, and filed a motion in this court to disqualify the district court judge. Upon review of his supporting materials and the district court's order, we GRANT his motion to proceed in forma pauperis, AFFIRM the denial of the motion to recuse for substantially the reasons stated by the district court, and DENY the motion filed in this court to disqualify the district court judge.
 
 
 19
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3
 
 
 [1]
 This provision has since been amended and is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). We refer to § 1915(d) in this order because it was the applicable provision at the time of the district court's dismissal
 
 
 [2]
 The record reflects that plaintiffs Charles W. Simmons, Darwin D. Landes, James M. Miller, Amado Jaurequi, Henry Spears, George T. Gregory and Joe Johnson all paid their filing fee in the district court
 
 
 [3]
 For the first time on appeal, plaintiffs provided more specific factual allegations, and argued that prison officials do not comply with their cleaning policies and take extraordinary measures to clean JDCC prior to scheduled inspections. We do not consider these allegations because this evidence was not presented to the district court. See Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir.1992) (court will not consider issues raised for the first time on appeal); John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir.1994) (court will not consider evidence not presented to the district court)