F I L E D
United States Court of Appeals
Tenth Circuit

APR 2 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRISTRIM ROBERT HARKLESS,

     Plaintiff - Appellant,

     v.

UNITED STATES OF AMERICA; UNITED
STATES DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE;
INTERNAL REVENUE  SERVICE;
WALTER HUTTON, individually and in his
capacity as  Internal Revenue Service
District Director; STATE OF COLORADO,
DEPARTMENT OF REVENUE; RENNY
FAGAN, individually and in his capacity as
Executive Director of the Department of
Revenue; Hewlett-Packard, INC.; DENVER
COUNTY COURT;  CLAUDIA JORDAN,
individually and in her capacity as a Judge
of the County Court of the City and County
of Denver; ATTORNEY GENERAL OF
THE STATE OF COLORADO; GALE
NORTON, individually and in her capacity
as Attorney General; STEVEN
RADETSKY, individually and in his
capacity as Deputy Attorney General; KIM
WELLS, also known as Rachael Carlson,
individually and in her capacity as employee
of the Department of the Treasury Internal
Revenue Service,

     Defendants - Appellees.

No. 98-1251
(D. Ct. No. 98-S-884)
(D. Colo.)

---

# ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Tristrim Robert Harkless, acting pro se, appeals from an order of the district court dismissing his federal action as frivolous and declining to address his pendent state claims. We affirm.

We construe the pleadings and filings in this case liberally because Mr. Harkless represents himself. See, e.g., Keeton v. Oklahoma, 32 F.3d 451, 452 (10th Cir. 1994); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). All of the claims plaintiff asserted in the district court and appeals in this case arise out of his employment by Hewlett-Packard (HP) and derive from HP withholding a portion of his earnings from each of his paychecks for tax purposes. Petitioner relies on the allegation that he is not a citizen or resident of the United States and

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore that he is not required to pay any income tax or file a tax return. Plaintiff was charged in the state of Colorado with five counts of criminal tax evasion and convicted on those charges following a jury trial in the Denver County Court before defendant Judge Claudia Jordan. Plaintiff's federal claims include claims against HP based upon the allegedly improper withholding, claims against various federal defendants for participating in the allegedly improper federal taxation, and claims against state and local defendants resulting from plaintiff's conviction on the criminal tax evasion charges. By asserting the novel argument that he is a "tax exempt inhabitant" of Colorado, plaintiff seeks the tax payments that he alleges were illegally withheld from his paychecks, injunctive relief to prevent further tax collection efforts against him, and reversal of his state court criminal tax evasion conviction.

We agree with the defendants who allege on appeal that plaintiff may have waived some of the grounds for his appeal by failing to raise them appropriately in his brief on appeal. See, e.g., Clark v. City of Draper, __ F.3d __, No. 97-4134, 1999 WL 90185, at *5 n.1 (10th Cir. Feb. 16, 1999). Whether or not the issues are waived, we agree with the district court that none of the issues plaintiff raises on appeal have any merit. The district court properly dismissed all of plaintiff's federal claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). All of the arguments that plaintiff made in the district court and makes on appeal are

based on the meritless assertion that he has no duty to pay taxes. Further, all of the remedies that plaintiff seeks against the state defendants are not appropriate for determination in federal court. Plaintiff's only avenue for challenging the validity of his state court conviction in federal court is a habeas corpus action brought pursuant to 28 U.S.C. § 2254 after exhaustion of state remedies. See, e.g., Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The district court carefully analyzed each of plaintiff's claims and correctly dismissed the action. We affirm the district court's order of dismissal for substantially the reasons it stated.

Defendant Hewlett-Packard has filed a motion for attorneys' fees and costs in this court. HP notes that the underlying basis of petitioner's claims have been held frivolous in this court and other courts around the nation. See United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990). We agree and find that plaintiff's arguments have no arguable basis in either fact or law and are, by definition, frivolous.

Plaintiff proceeded in the district court and appeals in forma pauperis alleging that he has insufficient funds to pay costs and fees in this matter. Plaintiff's affidavit for leave to proceed on appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 reveals that he is not employed and has no assets. Despite the apparent futility of entering an order awarding attorneys' fees and costs as

sanctions in this matter, we grant HP's motion for reasonable attorneys' fees and costs, and admonish plaintiff that the filing of frivolous suits on the grounds alleged in this action could be a basis for imposing sanctions in future actions. A copy of this order is ordered filed in the United States District Court for the District of Colorado and in the records of the United States Court of Appeals for the Tenth Circuit related to repeated frivolous filers. The order of the district court is AFFIRMED, and the case is remanded to the district court to determine reasonable attorneys' fees and costs and to enter an order imposing such fees and costs against plaintiff.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge