F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MOISES W. QUINTANA,

      Petitioner - Appellant,

      v.

RITA MAXWELL; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 98-7103
(D. Ct. No. CV-97-275-B)
(E. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court adopting the report and recommendation of the magistrate judge denying a petition brought pursuant to 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254. Petitioner appeals on the ground that the district court erred in denying relief in this state habeas corpus appeal. We decline to grant a certificate of appealability.

Petitioner is an inmate in the custody of the Oklahoma Department of Corrections. He was convicted in Muskogee County District Court after a plea of nolo contendere to the charge of first degree rape and second degree rape. He received a sentence of thirty years, with fifteen years suspended. Petitioner alleges in this appeal that there was no factual basis for his nolo contendere plea and that his trial counsel was ineffective. Because petitioner is proceeding pro se we construe his pleadings liberally. See, e.g., Keeton v. Oklahoma, 32 F.3d 451, 452 (10th Cir. 1994).

Petitioner alleges that the district court erred in finding that his claim regarding the lack of factual basis for his nolo contendere plea was procedurally barred. Petitioner failed to seek to withdraw his guilty plea within the time allotted by the Oklahoma statute. Further, petitioner did not file a direct appeal. He has, however, exhausted his state court remedies by raising the issues related to his nolo contendere plea in his state post-conviction application. The Oklahoma Court of Criminal Appeals held that this claim was procedurally barred. We will not consider issues on habeas review that have been defaulted in state court pursuant to an adequate and independent state procedural rule unless

the prisoner can show cause and prejudice or a fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998).  Petitioner failed in the district court, and fails on appeal, to demonstrate cause for his procedural default and further fails to show prejudice as a result of any violation of federal law or that there was any fundamental miscarriage of justice.  The district court properly applied the Supreme Court standard holding that federal habeas review of this claim is barred.

Plaintiff has further failed to show that, but for alleged errors by trial counsel, petitioner would not have pled guilty and would have insisted on going to trial.  Thus, petitioner has failed to make the required showing of prejudice with respect to his claim of ineffective assistance of trial counsel.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

This court has reviewed petitioner's request for a certificate of appealability and appellate brief, the district court order, and the entire record on appeal.  That review demonstrates that the district court's order denying relief is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal.     See Barefoot v. Estelle   , 463 U.S. 880, 893 (1983).  Accordingly, petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

See 28 U.S.C. § 2253(c)(2); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996). This court therefore **DENIES** petitioner's request for a certificate of appealability for substantially those reasons set out in the report and recommendation of the magistrate judge, and **DISMISSES** this appeal. The request to proceed in forma pauperis is **DENIED**.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge