The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Bradley SWEPSTON, Defendant–Appellant.

No. 90CA1612.

Colorado Court of Appeals, Div. II.

Nov. 7, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Royce Edward Tolley, Castle Rock, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Bradley Swepston, appeals the fifteen-year sentence imposed following the entry of judgment of conviction based on his guilty plea to second degree arson. We affirm.

In 1985, defendant received a three-year sentence to the Department of Corrections as the result of a conviction for an offense committed in February of 1985. The mittimus also ordered defendant to serve a one-year period of parole. Defendant was released in October of 1986 and, pursuant to an order of the parole board, began serving a three-year parole term.

Defendant was arrested again in 1988 and charged with three new offenses and three habitual criminal counts. He entered a guilty plea to one of the offenses, second degree arson, a class four felony, and the remaining charges were dismissed. The court then imposed a fifteen-year aggravated range sentence, concluding that an enhanced sentence was required because of defendant's parole status at the time of commission of the 1988 crimes.

I.

A.

Defendant contends the court erred in imposing an aggravated range sentence based on his parole status. He first argues that the initial imposition of a one-year period of parole in 1985 was illegal. We agree, and the People concede this point.

Defendant committed the offense for which he was sentenced after July 1, 1984, but before July 1, 1985. Therefore, the court exceeded its jurisdiction in imposing a period of parole. Section 18–1–105(1)(a)(II), C.R.S. (1986 Repl.Vol. 8B); *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986).

B.

Defendant also contends that the three-year period of parole imposed by the parole

board in 1986 was illegal. He maintains that he had fully served his sentence as of the date he was paroled and was, therefore, entitled to unconditional release. We disagree.

Section 17–22.5–303(4), C.R.S. (1986 Repl. Vol. 8A) provides:

As to any person sentenced for a class 2, class 3, class 4, or class 5 felony committed on or after July 1, 1984, but before July 1, 1985, the division of adult services shall either release an offender on his parole eligibility date, pursuant to the determination made by the state board of parole, or shall provide up to three years of parole for any offender who is determined by the state board of parole to present a high risk to the general population upon release from incarceration.

■ Defendant first maintains with respect to this statute and the illegality of his three-year parole term that, pursuant to *Qureshi*, parole terms may not be imposed for any offense committed between July 1, 1984, and July 1, 1985. We conclude, however, that the imposition of an illegal sentence by a sentencing court has no impact on the imposition of a period of parole by the parole board pursuant to its authority under § 17–22.5–303(4), C.R.S. (1986 Repl. Vol. 8A).

The two official acts are independent of one another, as is evidenced by the plain language of the statute, and as is signified by the different constitutional roles of the judicial and executive branches of government.

The plain language of § 17–22.5–303(4), C.R.S. (1986 Repl.Vol. 8A) directs the parole board to calculate a parole eligibility date for all inmates who committed offenses between July 1, 1984, and July 1, 1985. It also permits the board, in its discretion, to impose a term of parole for high risk offenders. There is no language in the statute linking the action of the sentencing court to the authority of the parole board and no suggestion that the parole board lacks authority to act if there is an illegal sentence imposed by the sentencing court.

Further, had the General Assembly intended, as defendant suggests, that all inmates in his position simply be released on their parole eligibility date, the language of the statute would be meaningless and the calculation of a parole eligibility date would serve no purpose. For instance, § 17–22.5–303(4) also provides that for those persons provided parole: "[they shall be provided] a period of up to three years of parole supervision and assistance in securing employment, housing and other services ... [effecting] the successful reintegration of such [offenders] into the community...." This reasonable provision which looks to the health and safety of the offender as well as that of the community would have no functional significance should we interpret the statute as defendant advocates. This we will not do.

We, therefore, conclude that the General Assembly, concerning § 17–22.5–303(4), C.R.S. (1986 Repl.Vol. 8A), intended that the parole board have the authority to impose a period of parole for some offenders for offenses committed between July 1, 1984, and July 1, 1985. Hence, we reject defendant's claim that the imposition of a period of parole for any offender in his position is illegal. The imposition of parole was not mandatory, but, absent evidence to the contrary, we cannot say that the parole board's decision with respect to the defendant was improper.

Defendant also argues that because the imposition of a period of parole is illegal for offenses committed between July 1, 1984, and July 1, 1985, good time and earned time cannot be considered for parole purposes. He maintains, that in order for the good time and earned time provisions to have any effect, they must be applied to an inmate's discharge date. However, because we have already concluded that a period of parole may properly be imposed on inmates in defendant's position, we reject this contention.

■ Furthermore, the accumulation of good time credits serves only the purpose of determining an inmate's parole eligibility date. The credits do not constitute service of sentence. *Thorson v. Colorado Depart-*

*ment of Corrections,* 801 P.2d 540 (Colo. 1990). Therefore, defendant's good time credits were properly applied toward his parole eligibility date, and his claim that he had served his sentence in full because of good time and earned time credits has no merit.

## II.

Defendant also contends that even if he was on parole at the time he committed the 1988 offenses, the court abused its discretion in imposing a fifteen-year term of incarceration. Again, we disagree.

■ A sentencing court must consider a number of factors bearing on the sentencing decision and arrive at a synthesis that is reflective of the interests of society and the defendant. *Rocha v. People,* 713 P.2d 350 (Colo.1986). Among the factors implicated in any sentencing decision are the gravity of the offense, the defendant's societal history, the risk of future criminal conduct, and the potential of the defendant for effective rehabilitation. *People v. Madril,* 746 P.2d 1329 (Colo.1987).

■ While rehabilitation may be considered the preferred method of preventing crime, a term of confinement is often necessary to provide protection, deterrence, and correction. *People v. Warren,* 200 Colo. 110, 612 P.2d 1124 (1980).

■ Although defendant's sentence was at the upper end of the aggravated range, the circumstances of this case, including the prior record of the defendant, the substantial damage he caused in committing the offense, his inability successfully to complete rehabilitation programs, including terms of probation and parole, and the continued risk he poses to society, all amply justify the decision of the trial court to impose upon defendant a fifteen-year sentence.

We will not substitute our judgment for that of the trial court if, as here, the court's sentencing decision was fully explained on the record and is supported by the record. *See People v. Vigil,* 718 P.2d 496 (Colo.1986).

The sentence is affirmed.

TURSI and ROTHENBERG, JJ., concur.