UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

Filed 8/5/96

NESHAN M. JOHNSON,

    Plaintiff-Appellant,

v.

H. BENNY JOHNSON, JERRY SILVA,
JAMES TOOTHAKER, CHARLES
DONLEY, RICK MADRID, GLORIA
MASTERSON, JERRY POOLE, in their
official and individual capacities,

    Defendants-Appellees.

No. 96-1062
(D.C. No. 95-K-1640)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

Plaintiff Neshan Johnson, a pro se inmate, was placed in segregation pending

_____

[*]  This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

investigation of an assault on another inmate in July 1993, found guilty after a disciplinary hearing held on July 22, 1993, and sanctioned with 30 days' punitive segregation and 45 days' loss of good time credits. He filed this 42 U.S.C. § 1983 action in June 1995 asserting he was deprived of his Fifth and Fourteenth Amendment rights in the disciplinary proceedings, the investigation was committed in bad faith, and rules and regulations were not followed in the investigation.

Defendants moved to dismiss. After receiving a Martinez report, the magistrate court recommended dismissal of all claims except the claim of fabrication of evidence involving defendant James Toothaker. The court applied Sandin v. Connor, 115 S. Ct. 2293 (1995), which held no federal issue is involved unless an inmate receives a penalty that is atypical and outside the normal range of penalties that could be expected in the prison setting. The court concluded Johnson had no liberty interest in remaining in general population, Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994), that good time credits apply to parole eligibility, People v. Swepston, 822 P.2d 510, 512 (Colo. App. 1991), but parole in Colorado is discretionary, Colo. Rev. Stat. § 17-22.5-404. The court further concluded that plaintiff had failed to exhaust state remedies. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). The court also concluded the Eleventh Amendment precludes imposition of monetary damages and retroactive injunctive relief against the state and its employees who are acting in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Johnson and defendant Toothaker objected to the magistrate court's recommendations. The district court accepted the recommendation of the magistrate court and sustained Toothaker's objection, dismissing the action as to all defendants.

2

On appeal, Johnson contends he was not afforded his due process rights as described in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 571 (1974), and that defendants are not immune from suit, citing <u>Walker v. Bates</u>, 23 F.3d 652, 658-59 (2d Cir. 1994), <u>cert. denied</u> 115 S. Ct. 2608 (1995), and <u>Jihaad v. O'Brien</u>, 645 F.2d 556 (6th Cir. 1981).

We have carefully examined Johnson's appellate brief, all of the pleadings, and the entire record on appeal. We find that the district court did not err in dismissing this action and affirm for substantially the same reasons stated by the magistrate court and adopted by the district court.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge