**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LOREN R. LUSERO,

Plaintiff-Appellant,

v.

JOHN WELT, Correctional
Lieutenant; PAM PURDUE,
Correctional Lieutenant; CLYDE
STAHL, Correctional Chairperson CM
III; CORRECTIONAL OFFICER, of
Delta Correctional Facility of Housing
Unit-5 (3rd Shift), Nov. 23, 2005;
CAPTAIN, Delta Correctional Facility
(3rd Shift), Nov. 23, 2005; DEAN
CONROY, Colorado Assistant
Attorney General; JUDGE CRG,
District Judge of Delta County,
Colorado; J. METZGER, Colorado
Appellate Judge,

Defendants-Appellees.

No. 06-1395

(D. Colo.)

(D.C. No. 06-CV-1214-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY, SEYMOUR,** and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In an action brought under 42 U.S.C. § 1983, Plaintiff Loren R. Lusero, a Colorado prisoner proceeding *pro se*, alleges that prison officials violated his rights under the Eighth and Fourteenth Amendments by placing him in administrative segregation after he informed them that another prisoner had threatened and attacked him. The district court dismissed the action, finding Mr. Lusero's claims legally frivolous. We affirm in part and reverse in part.

**BACKGROUND**

In August 2006, Mr. Lusero filed an amended complaint under 42 U.S.C. § 1983 alleging that various prison officials violated his due process and equal protection rights and inflicted cruel and unusual punishment by placing him in administrative segregation following his request for protection from another inmate who allegedly threatened and assaulted him.[1] After granting Mr. Lusero leave to proceed *in forma pauperis*, the district court found his claims legally frivolous and dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B).

Addressing Mr. Lusero's due process claim, the district court held that the "Constitution does not entitle [Mr. Lusero] to any procedural protection either before or after he was placed in administrative segregation because he does not

---

[1] In his complaint, Mr. Lusero also challenged the Delta County District Court's decision to dismiss his state habeas corpus petition. The federal district court noted that "Mr. Lusero may not challenge in this civil rights action a state court judgment in a habeas corpus action." R. Vol. I, Doc. 18, at 3. Mr. Lusero does not challenge this ruling on appeal.

have a protected liberty interest in his classification or placement." R. Vol. I, Doc. 18, at 4. The court recognized that prison conditions can implicate a protected liberty interest if they create an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,'" but found that Mr. Lusero failed to allege any such conditions in his case. *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The court also found "no indication that Mr. Lusero's placement in administrative segregation inevitably will affect the length of his confinement." R. Vol. I, Doc. 18, at 4.

The district court also found frivolous Mr. Lusero's claim that his placement in administrative segregation subjects him to cruel and unusual punishment. The court noted that: (1) a prisoner must demonstrate "'extreme deprivations . . . to make out a conditions-of-confinement claim,'" *id.* at 5 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); (2) that "[i]n the absence 'of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail,'" *id.* (quoting *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994)); and (3) that a prisoner must show "Defendants acted with deliberate indifference," that is, that the prison official "'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it,'" *id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Finding that Mr. Lusero failed to allege that the Defendants had

-3-

knowledge of a risk of serious harm, the court dismissed his Eighth Amendment claim.

As to Mr. Lusero's equal protection claim, the court noted that it "'need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.'" *Id.* at 6 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court found that Mr. Lusero's equal protection claim consisted only of "vague and conclusory allegations," *id.*, void of any factual support, and therefore dismissed it.

## DISCUSSION

As with his complaint, Mr. Lusero's filing before this Court is not a model of clarity. Because he proceeds *pro se*, however, we construe his claims and allegations liberally.[2] *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). We review the district court's conclusions of law *de novo*. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

We turn first to Mr. Lusero's due process claims. The necessary predicate to a due process claim is a deprivation of a protected interest. In general, "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," *Hewitt v.*

---

[2] We read Mr. Lusero's "Amended Complaint" as merely adding defendants and allegations to his original complaint and not as superseding it. We thus look to both filings to determine the claims and allegations he raises.

-4-

*Helms*, 459 U.S. 460, 468 (1983). Such confinement therefore does not typically implicate a protected liberty interest. In *Sandin v. Conner*, however, the Supreme Court held that administrative segregation may implicate a liberty interest protected by the Due Process Clause if it "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," 515 U.S. at 484, or if it inevitably increases the duration of the sentence imposed. *Id.* at 487; *Wilson v. Jones*, 430 F.3d 1113, 1120–21 (10th Cir. 2005). The district court dismissed Mr. Lusero's due process claim on the ground that his segregation satisfied neither of these standards.

Turning first to the issue of whether Mr. Lusero alleged that his segregation imposed an atypical and significant hardship, we believe that he did allege that the length of his segregation imposed such a hardship. In his initial complaint, Mr. Lusero averred that he has been in administrative segregation since November 23, 2005, R. Vol. I, Doc. 3, at 3, and argued that "the magnitude of plaintiff's deprivation of his liberty from the general prison population is clearly [a] wrong protected by the [D]ue [P]rocess [C]lause," *id.* at 6(A). And in his "Amended Complaint," Mr. Lusero stated that "there was no purpose for *indeterminate* segregation from the general prison population." *Id.*, Doc. 14, at 7–8 (emphasis added). He also argued that "defendants['] 'deliberate negligence' helped contribute to illegal *continued segregation that should have been 'temporary'* that maliciously got turned into 'punitive segregation.'" *Id.* at 10

(emphasis added).  We construe these statements as allegations that he has been in indefinite or indeterminate segregation since November, 2005, when a typical segregation in his circumstances would have been only temporary.

We have cautioned that "a district court errs in *sua sponte* dismissing a prisoner's due process claim under § 1915 if it does not have sufficient evidence before it to fully address both the duration and degree of the plaintiff's restrictions as compared with other inmates."  *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006) (internal quotation marks omitted).  While we recognize that the plaintiff's allegations in *Trujillo* were more specific than those presented by Mr. Lusero—in *Trujillo* the plaintiff "specifically allege[d] that he spent over 750 days in segregation and that other inmates remain in segregation for the most serious offenses for only 180 days," *id.*—we think Mr. Lusero's assertions were at least sufficient to avoid dismissal for frivolousness.  To be dismissed as frivolous under § 1915, a complaint must "lack[] an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  That threshold has not been met here.  Mr. Lusero has alleged that he sought protection from another inmate and was thus placed into administrative segregation, presumably for his own safety.  For reasons not entirely clear at this point, this segregation has continued, apparently indefinitely—a situation that his complaint, read generously, alleges is atypical and significant.

If it turns out that a protected liberty interest is implicated in this case, we note that "the process which is due under the United States Constitution is that measured by the [D]ue [P]rocess [C]lause, not prison regulations." *Brown v. Rios*, No. 06-1210, 2006 WL 2666058, at *2 (10th Cir. Sept. 18, 2006) (unpublished) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003); *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004))[3]; *see also Conner*, 515 U.S. at 481–82 (noting that prison regulations "primarily designed to guide correctional officials in the administration of a prison" are "not designed to confer rights on inmates"). Thus, although Mr. Lusero contends that prison officials violated prison regulations in the course of placing him in segregation, that fact alone would not necessarily constitute a due process violation. Instead, he would need to demonstrate that officials ran afoul of the procedural requirements enunciated in *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974). We note that Mr. Lusero's district court filings, as well as his filing on appeal, seem to challenge the sufficiency of the evidence presented at his disciplinary hearing, *see e.g.*, R. Vol. I, Doc. 3, at 6, 6(A); *id.*, Doc. 14, at 9, 11—a claim that deserves attention should he proceed past the first step of the due process analysis, *see Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (holding that due process requires "some evidence to

---

[3] While *Brown* does not constitute binding precedent, it succinctly states a principle of constitutional law applicable in this case, with citations to prior published opinions.

support the hearing panel's decision") (citing *Wolff*, 418 U.S. at 592 (Marshall, J., concurring)).

Turning to the next issue, Mr. Lusero contests the district court's finding that there was no indication that his administrative segregation would increase the overall length of his sentence. In his appellate filing, he notes: "Of course this alleged illegal restraint affects the length of plaintiff[']s original prison term. Punitive segregation is for bad behavior and bad behavior, when presented at the parole board, not only denies plaintiff[']s chance of parole[,] it prolongs his chance of early parole." Appellant/Petitioner's Opening Br. at 8. And in his complaint he made reference to his "loss of time credits according to Colorado statutes of good-earned time of ten days per month." R. Vol. I, Doc. 3, at 8.

To the extent Mr. Lusero challenges the loss of opportunity to earn good-time credit during his period of administrative segregation, his claim fails. Such a loss "does not deprive a prisoner of a constitutional right." *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978). And Colorado law furnishes no such right. Instead, it expressly permits the denial of the opportunity to earn good-time credits. *See* Colo. Rev. Stat. § 17-22.5-301(4) ("Nothing in this section shall be construed as to prevent the department from withholding good time earnable in subsequent periods of sentence, but not yet earned, for conduct occurring in a given period of sentence.")

To the extent Mr. Lusero seeks reinstatement of revoked good-time credits, his claim fails as a procedural matter. A petition for habeas corpus—not a § 1983 suit—is the proper avenue for seeking such relief. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam). We note that even if procedurally proper, Mr. Lusero's claim would likely fail as a substantive matter as well. Loss of good-time credits implicates a liberty interest only if "the State's action will inevitably affect the duration of his sentence." *Conner*, 515 U.S. at 487. Under Colorado law, only inmates serving sentences for crimes committed on or after July 1, 1979, but before July 1, 1985, are entitled to mandatory parole. *Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990). Mr. Lusero does not assert that he fits within this category. Under the parole regime in place for crimes committed before July 1, 1979, or after July 1, 1985, "when 'the inmate's actual time served, presentence confinement credit, and good time and earned time credits equal or exceed the sentence imposed, he is not entitled to an unconditional release, but rather has earned the right to be considered for parole.'" *Fultz v. Embry*, 158 F.3d 1101, 1103 (10th Cir. 1998) (quoting *Jones v. Martinez*, 799 P.2d 385, 387–88 & n.5 (Colo. 1990)); *see Thiret*, 792 P.2d at 805 (explaining that prisoners not fitting within the 1979–1985 category "may be granted or denied parole at the discretion of the Parole Board"). As we previously explained in an unpublished but persuasive opinion:

A Colorado inmate has no constitutional right to good time credit, *see Kodama v. Johnson*, 786 P.2d 417, 419 (Colo. 1990), even though "the accumulation of good time credits serves . . . the purpose of determining an inmate's parole eligibility date," *People v. Swepston*, 822 P.2d 510, 512 (Colo. Ct. App. 1991). Good time credits do not count toward sentence reduction. *See id.* Thus, [a prisoner's] loss of good time credits [does] not "inevitably" increase[] the duration of his sentence, and accordingly does not give rise to a right to due process.

*Klein v. Coblentz*, No. 96-1289, 1997 WL 767538, at *4 (10th Cir. Nov. 19, 1997).

As for Mr. Lusero's equal protection and Eighth Amendment claims, we have reviewed closely the district court's opinion and find its reasoning sound and its conclusions correct. Therefore, we affirm the dismissal of these claims. *See Neitzke*, 490 U.S. at 328 (explaining that district courts may dismiss complaints on frivolousness grounds under § 1915 where the plaintiff "claims . . . infringement of a legal interest which clearly does not exist").

## CONCLUSION

The judgment of the United States District Court for the District of Colorado is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED**. Appellant's motion to proceed *in forma pauperis* is granted, and he is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge