**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK DERR MARIANI,

      Plaintiff - Appellant,

  v.

JOSEPH STOMMEL, Administrator in
his official capacity, Colorado Sex
Offender Treatment and Monitoring
Program; JOSEPH ORTIZ, Director,
in his official capacity, Colorado
Department of Corrections; GARY K.
WATKINS, Warden, in his official
capacity, Fremont Correctional
Facility; DONICE NEAL, Warden, in
her official capacity, Arrowhead
Correctional Facility; CHARLES
OLIN, personally and in his official
capacity, Full Operating Level
Treatment Provider; DWIGHT
MARTINEZ, Personally and in his
official capacity, SOTMP Clinician,

      Defendants - Appellees.

No. 07-1068

(D. Colorado)

(D.C. No. 05-cv-01406-WDM-MEH)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Mark Mariani, a state inmate appearing pro se, appeals from the district court's dismissal of his civil-rights action against certain employees of the Colorado Department of Corrections (CDOC). His complaint alleged deprivation of various constitutional rights in connection with his internal prison classification as a sex offender. The court dismissed Mr. Mariani's complaint and denied his motion to amend. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

Mr. Mariani is in the custody of the CDOC. While in prison in 1995 he was convicted of, among other things, "rape, attempt, and complicity" under the CDOC disciplinary code. *Mariani v. Colo. Dep't of Corrs.*, 956 P.2d 625, 627 (Colo. Ct. App. 1997). Based on this disciplinary conviction, the CDOC classified him as an S-3 sex offender in 2004.[1]

---

[1] The CDOC classifies offenders as follows:
1.   S5 - Individuals with past or current felony sexual offense convictions.
2.   S4 - Individuals whose history indicates sexual assaults or deviance for which they may not have been convicted. These cases often involve plea bargains where the factual basis of the crime involved a sex offense. This category also includes misdemeanor convictions and juvenile

(continued...)

On July 27, 2005, Mr. Mariani filed in the United States District Court for the District of Colorado a complaint against six employees of CDOC under 42 U.S.C. § 1983, alleging that (1) the defendants violated his due-process rights by labeling him a sex offender based on his prison disciplinary conviction; (2) CDOC Administrative Regulation (AR) 750-02, on its face, violates his right to procedural due process because it does not permit him to appeal his sex-offender classification; and (3) CDOC AR 750-02, on its face, violates his right to equal protection because prisoners covered by the regulation are entitled to a hearing following reclassification but others, such as S-3 sex offenders, are not.

The district court granted the defendants' motions to dismiss. The court concluded that (1) Mr. Mariani's classification did not violate his right to procedural due process, because the hearing before his disciplinary conviction provided sufficient due process for his later S-3 classification; (2) Mr. Mariani

---

[1](...continued)
              convictions for sex offenses.
3.    S3 - Individuals who, while incarcerated, have committed sex offenses against staff or offenders, or who have displayed behaviors which are suggestive of sexual abuse directed towards another.
4.    S2 - Individuals who were arrested or investigated for sexual offenses but not charged or individuals who were initially coded S5, S4, or S3 but are not recommended for treatment after review by Mental Health.
5.    S1 - Individuals with no history or indication of sex offense behavior.

R. Doc. 3, Attach. 1, at 32 (CDOC AR 700-19).

did not have a right to appointment of counsel during his prison disciplinary proceeding; (3) Mr. Mariani's complaint failed to allege a claim for denial of the right to confront his accuser; (4) CDOC AR 750-02 did not violate Mr. Mariani's due-process rights, because Mr. Mariani had received all the process that was due at his prior disciplinary hearing; and (5) CDOC AR 750-02 did not violate Mr. Mariani's right to equal protection, because sex offenders are not a suspect class and there are rational reasons for treating prisoners who have never been found guilty of a sex offense differently from those who have. In addition, the court denied Mr. Mariani's motion to add a due-process claim for bias of the hearing officer who presided over the disciplinary hearing, determining that such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## II.    DISCUSSION

On appeal Mr. Mariani reargues the claims raised before the district court and challenges the court's denial of his motion to amend the complaint. We review de novo the court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation marks omitted). We review for

abuse of discretion the denial of a motion to amend a complaint. *See Seymour v. Thornton*, 79 F.3d 980, 984–85 (10th Cir. 1996).

## A.     Dismissal of Amended Complaint

### 1.     The S-3 Classification

Mr. Mariani claims that he was denied due process when CDOC employees classified him as an S-3 sex offender based on his prison disciplinary conviction. This argument is without merit. In *Chambers v. Colorado Department of Corrections*, 205 F.3d 1237, 1243 (10th Cir. 2000), we held that an inmate must be afforded "some process" before he can be classified as a sex offender. We did not explain exactly how much process was required. But we agree with the conclusion of *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), a very similar case concerning a claim by a prisoner classified as a sex offender, which was discussed approvingly in *Chambers*. In *Shimoda*, 131 F.3d at 830–31, the court adopted the due-process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974), which held that a prisoner facing discipline must receive advance written notice, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the fact-finder of the evidence relied on and the reasons for the action taken. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

It is not necessary, however, that this process be provided at the classification proceeding if the underlying offense has been established at a prior

hearing at which the prisoner was afforded due process. *Shimoda* said: "An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process. Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." *Shimoda*, 131 F.3d at 831. Although *Shimoda* referred only to prior court proceedings, we see no need to so limit the general principle. So long as a prior prison disciplinary proceeding provided as much process as the prisoner would be entitled to at a classification hearing, the prisoner has been treated fairly. As conceded in Mr. Mariani's response to the defendants' motion to dismiss, he received at his disciplinary hearing the process required by *Wolff*. The S-3 classification was an automatic consequence of Mr. Mariani's disciplinary conviction. Therefore, there would be no need for further fact-finding or a plea to official discretion in a classification proceeding. The only process due Mr. Mariani was notification that he had been classified as a sex-offender based on his prior disciplinary conviction. This was done.

As to Mr. Mariani's claim that he was denied the right to counsel during his prison disciplinary proceedings, prisoners do not "have a right to either retained or appointed counsel in disciplinary hearings." *See Wolff*, 418 U.S. at 570. We therefore affirm the district court's ruling.

We also affirm the denial of Mr. Mariani's claim that he was denied the right to confront his accuser. We agree with the district court that Mr. Mariani failed to raise this issue in his complaint and did not allege sufficient facts to support such a claim. *See Baxter v. Palmigiano*, 425 U.S. 308, 321, 322 & n.5 (1976) (no general right to confront and cross-examine adverse witnesses in a prison disciplinary proceeding).

## 2.     Constitutional Challenges to CDOC AR 750-02

CDOC AR 750-02 provides "unadjudicated offenders" with a right to a hearing before they can be classified as sex offenders. R. Doc. 2, Attach. 1, at 17. An "unadjudicated offender" is a prisoner "who has not been adjudicated of a sex offense by a court or administrative board." *Id*. at 16.

Mr. Mariani claims that CDOC AR 750-02 is facially unconstitutional for two reasons. First, he argues that the regulation violates his right to procedural due process because it does not permit him, as an adjudicated S-3 sex offender, to appeal his sex-offender classification. Second, he contends that the regulation violates his right to equal protection because some prisoners are entitled to a hearing following reclassification but others are not. At the outset we note that Mr. Mariani can attack the regulation only insofar as it impairs his own constitutional rights; that the regulation may offend the rights of others is not an issue before us. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) ("Embedded in the traditional rules governing constitutional adjudication is the

principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court.")

Mr Mariani's due-process claim is without merit. Just as there is no due-process right to appeal a final judgment in a criminal case, *see Halbert v. Michigan*, 545 U.S. 605, 610 (2005) ("The Federal Constitution imposes on the States no obligation to provide appellate review of criminal convictions."), an inmate in state prison does not have a constitutional right to appeal his sex-offender classification in a prison administrative proceeding. Accordingly, Mr. Mariani's due-process claim must fail.

We also affirm the district court's ruling regarding Mr. Mariani's equal-protection claim. "Unless it provokes strict judicial scrutiny, a state practice that distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose." *Vasquez v. Cooper*, 862 F.2d 250, 251–52 (10th Cir. 1988). Strict scrutiny is appropriate only when the classification either involves a suspect class or interferes with a fundamental right. *See id*. at 252. Mr. Mariani does not contend, nor can he, that the classifications at issue involve a suspect class. *Cf. Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996) (sex offenders do not constitute a suspect class). And he has not asserted the violation of a fundamental right. The classification Mr. Mariani challenges is therefore

subject only to rational-basis review. The burden is on him to establish that the regulation is "irrational or arbitrary and that it cannot conceivably further a legitimate governmental interest." *United States v. Phelps*, 17 F.3d 1334, 1345 (10th Cir. 1994). He has failed to carry that burden. It is sensible, much less rational, to provide procedural protections (including an appeal) only when fact-finding is necessary to determine the prisoner's classification. Adjudicated offenders, such as Mr. Mariani, have already been granted an evidentiary hearing with suitable procedural protections to determine the dispositive facts.

**B.    Motion to Amend**

Mr. Mariani appeals the district court's denial of his motion for leave to file an amended complaint adding a claim of bias of the hearing officer. The court determined that the amendment would be futile because such a claim would be barred by *Heck*, 512 U.S. 477. *Heck* held that a state prisoner's claim for damages under § 1983 is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Id*. at 487. In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Court followed *Heck* in a case indistinguishable from the one before us. The defendant in *Edwards* was the hearing officer who had presided at a disciplinary hearing that resulted in the loss of good-time credits by the prisoner plaintiff. The prisoner, suing for damages and declaratory relief, alleged that the hearing

officer had denied him due process by his bias and deceit. *See id*. at 647. The Court held that the suit was barred because the allegations necessarily implied the invalidity of the punishment imposed. *See id*. at 645–48. Because Mr. Mariani's allegations of bias of the hearing officer necessarily imply the invalidity of his prison disciplinary conviction, the district court did not abuse its discretion in denying him leave to amend.

## III.   CONCLUSION

We AFFIRM the district court's dismissal of Mr. Mariani's complaint and denial of his motion to amend the complaint.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge