FILED
United States Court of Appeals
Tenth Circuit

March 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABDULLAH KRU AMIN,

  Plaintiff -Appellant,

v.

CARL VOIGTSBERGER, Wyo.
Classification Interstate Compact; ROB
LAMPERT, Director Wyoming
Department of Corrections; IVETT RUIZ,
A.V.C.F., Colo. Dept. Corr. Mental
Health; MS. MACKINNON, SOTMP,
C.D.O.C.,

  Defendants-Appellees.

No. 13-1400
(D. Colorado)
(D.C. No. 1:12-CV-02889-RM-MJW)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

[*]    The Plaintiff requests oral argument, but the Defendants do not.  The Court
has determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2).  The case is therefore
ordered submitted without oral argument.

   This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.  But
the order and judgment can be cited for its persuasive value under Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Mr. Abdullah Kru Amin, an inmate of the Colorado Department of Corrections, sued various Colorado and Wyoming corrections officers under 42 U.S.C. § 1983. In the amended complaint, Mr. Amin alleged that he was classified as an S-5 sex offender when he was transferred from a Wyoming penitentiary. This classification was allegedly erroneous because the sentence for his Wyoming sexual assault conviction—the basis for his S-5 sex offender status—had been discharged in 2003. In light of the discharge of this sentence, Mr. Amin argues that he should not have been classified as an S-5 sex offender. Mr. Amin adds that he was wrongfully placed in segregation and that Colorado prison officials stole his personal property. The district court dismissed the action, and Mr. Amin appeals.

We affirm. On the claims for damages, the Wyoming and Colorado officials enjoy Eleventh Amendment immunity in their official capacities; though dismissal was appropriate, it should have been without prejudice. On the individual-capacity claims, we affirm the dismissal because: (1) the classification, even if wrongful, would not have violated the federal constitution, (2) the conditions of segregation did not impose a hardship that was atypical and significant, and (3) he had an adequate post-deprivation remedy for the alleged theft of his property.

## Procedural Background

2

In the amended complaint, Mr. Amin asserts three claims: (1) improper classification as an S-5 sex offender upon transfer to a Colorado penitentiary, (2) placement in punitive and administrative segregation without adequate notice and process, and (3) theft of his property and improper charges for personal hygiene products.

On screening, the district court dismissed the second and third claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (2012) (for claims brought in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). In a second order, the district court granted the Defendants' motion under Federal Rule of Civil Procedure 12(b)(6) for dismissal of the first claim.[1] Each dismissal was with prejudice.

<u>Eleventh Amendment Immunity</u>

In their official capacities, the Defendants argued in the district court and on appeal that they are entitled to Eleventh Amendment immunity on the claims for damages. We agree.

---

[1] The Wyoming Defendants joined the Colorado Defendants' motion to dismiss, but added an argument involving personal jurisdiction. The district court did not discuss the issue of personal jurisdiction. Because we agree that dismissal is warranted for failure to state a valid claim, we do not address the Wyoming Defendants' argument involving personal jurisdiction.

A state enjoys immunity unless it has been abrogated by Congress or waived. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity applies not only to claims asserted directly against the state, but also against state officials sued in their official capacities for damages. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

Eleventh Amendment immunity has not been abrogated by Congress or waived by Colorado or Wyoming. Accordingly, the Defendants are entitled to Eleventh Amendment immunity on the official-capacity claims for damages. *See* Wyo. Stat. § 9-2-2012(a) (2013) (recognizing that the Wyoming Department of Corrections is a "part of the . . . Wyoming state government"); *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (holding that employees of the Colorado Department of Corrections were entitled to Eleventh Amendment immunity).

Mr. Amin has not only sued the Defendants in their official capacities for damages, but also asserted official-capacity claims for prospective injunctive relief and individual-capacity claims for damages. These claims do not implicate Eleventh Amendment immunity. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *see also Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-

4

capacity defendants only for injunctive relief."). Thus, the district court acted correctly in dismissing these claims.

But because the pleading defect was jurisdictional, the dismissal should have been without prejudice because it involved a jurisdictional defect. *See Wauford v. Richardson*, 450 F. App'x 698, 699 (10th Cir. 2011) (stating that dismissal under the Eleventh Amendment should have been without prejudice);[2] *see also Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.").

Failure to State a Valid Claim

All of the remaining claims are deficient as a matter of law.

I.    Standard for Dismissal

We engage in de novo review of the dismissals for failure to state a valid claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010) ("We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim."); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").

---

[2]    *Wauford* is persuasive, but not precedential.

II.    First Claim:  Wrongful Classification

In the first claim, Mr. Amin alleges that his wrongful sex-offender classification violates the Fifth, Sixth, Eighth, and Fourteenth Amendments. Even if these allegations are true, they would not create a constitutional violation.

A.    Fourteenth Amendment's Due Process Clause

Mr. Amin alleges denial of due process based on the absence of a hearing before the Colorado Department of Corrections classified him as an S-5 sex offender.  This claim is facially invalid.  The classification was based on a prior conviction; therefore, Mr. Amin had no due-process right to contest the classification.

When a prisoner has previously been convicted of a sex offense, the conviction can be used for classification if due process was afforded in the prior criminal case.  *Mariani v. Stommel*, 251 F. App'x 536, 540 (10th Cir. 2007).[3] Because the classification was based on a prior conviction with the required procedural safeguards, the Colorado Department of Corrections had no constitutional duty to provide additional procedural safeguards.

---

[3]    Though *Mariani* is unpublished, we regard it as persuasive.

6

Mr. Amin bases his due-process claim on an alleged discharge in 2003. But Colorado's classification of Mr. Amin was for administrative purposes, and state regulations require only a "judicial determination of a sex offense." *See* R. vol. 2, at 115; *see also Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) ("[D]ue process does not require the opportunity to prove a fact that is not material to the State's statutory scheme.").

According to Mr. Amin, he would not qualify as a sex offender under Wyoming law. *See* Wyo. Stat. § 7-19-302. But his legal status under Wyoming state law would not affect Colorado's classification for administrative purposes or the right to a hearing prior to classification.

Because Mr. Amin was convicted of a sex offense, he had no due-process right to a hearing to contest his sex-offender classification. In these circumstances, we affirm the dismissal of the due-process claim.

B.      Eighth Amendment Prohibition Against Cruel and
        Unusual Punishment

Mr. Amin also argues that his classification violates the Eighth Amendment's prohibition against cruel and unusual punishment. According to Mr. Amin, his sex-offender status jeopardized his life. R. vol. 1, at 86.

The Eighth Amendment is implicated only when a prison official "knows of and disregards an excessive risk to inmate health and safety." *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (internal quotation marks

7

omitted).  To prevail on an Eighth Amendment claim, a prisoner must "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the amended complaint, Mr. Amin does not identify any actual threats or plead facts suggesting that his sex-offender status poses "a substantial risk of serious harm."  Accordingly, Mr. Amin has failed to state a valid claim under the Eighth Amendment.

C.     Fifth Amendment Protection Against Double Jeopardy

Mr. Amin also claims violation of the Fifth Amendment.  The basis for the claim is not clear.  The district court interpreted this claim to involve compelled attendance at a Colorado sex-offender treatment program.  The district court dismissed this claim because we have held that the Double Jeopardy Clause is not violated when a convicted sex offender is compelled to attend sex-offender treatment.  *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004).

But Mr. Amin has not been compelled to participate in sex-offender treatment.  In fact, he alleges that he is ineligible to attend the Colorado Sex Offender Treatment and Monitoring Program.  *See* R. vol. 1, at 86 ("[S]ometime in the later future I would maybe be eligible to get into their sex offender

8

program, but right now I didn't qualify."). Thus, the district court may have misinterpreted the claim.

But any other interpretation would also require dismissal. In the amended complaint, Mr. Amin appears to rely on the Fifth Amendment's Double Jeopardy Clause. But this clause does not apply because prison administrative proceedings do not involve criminal prosecution. *See Daniels v. Arapahoe Cnty. Dist. Court*, 376 F. App'x 851, 855 (10th Cir. 2010) (holding that a prisoner's sex-offender classification did not violate the Double Jeopardy Clause because prison proceedings are not part of a criminal prosecution);[4] *see also Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (concluding that "the Double Jeopardy clause applies only to proceedings that are 'essentially criminal' in nature" and cannot be based on administrative segregation). Because the classification involved an administrative purpose, Mr. Amin has not stated a valid claim based on the Fifth Amendment's protection against double jeopardy.

D.     Sixth Amendment

Like the district court, we are unable to discern the basis for Mr. Amin's Sixth Amendment claim. Though we liberally read pro se pleadings, we cannot act as an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The amended complaint refers to the Sixth Amendment, but is silent regarding the

---

[4]     *Daniels* is unpublished, but we regard it as persuasive.

basis for this claim. Accordingly, we affirm the dismissal of a Sixth Amendment claim.

III. Second Claim: Conditions of Segregation

In his second claim, Mr. Amin urges a due-process violation when he was improperly placed in "punitive isolation" for approximately 30 days without advance written notice. The district court dismissed this claim after concluding that the conditions of confinement were not sufficiently "atypical and significant" to create a liberty interest under the Due Process Clause. R. vol. 1, at 108-10. We agree.

A protected liberty interest arises when a restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). When determining whether administrative segregation involves an atypical and significant hardship, we consider four factors: (1) whether the segregation furthers a legitimate penological interest; (2) whether the conditions of the placement are extreme; (3) whether the placement increases the duration of confinement; and (4) whether the placement is indeterminate. *See Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007). These factors cut against the existence of a liberty interest.

10

The segregation was imposed for a legitimate penological interest because it was ordered only after another inmate had been attacked. The segregation not only served a legitimate objective, but also involved moderation, for Mr. Amin does not allege that the conditions of segregation were extreme. And the segregation was not too long. In similar circumstances, we have held as a matter of law that segregation did not violate the Fourteenth Amendment. *See id.* at 1342-43 (holding that segregation of a transgender inmate for safety reasons did not impose an atypical and significant hardship). Under these circumstances, we hold that the second claim fails as a matter of law.

IV.    <u>Third Claim:  Theft of Property</u>

In the third claim, Mr. Amin alleges that his property was stolen by Colorado officials when he was placed in segregation. The district court dismissed this claim because Mr. Amin had an adequate state post-deprivation remedy. *See* Colo. Rev. Stat. § 24-10-118.

Like the district court, we conclude that Colorado's post-deprivation remedy is adequate as a matter of law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (noting that even intentional deprivations of property do not violate the Due Process Clause so long as "adequate state post-deprivation remedies are

11

available"); *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("[W]here pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process requirements."). As a result, this claim was properly dismissed.

V.      District Court's Denial of Leave to Amend

The district court denied leave to amend, reasoning that the proposed amendment would have been futile. We review the denial of leave to amend for abuse of discretion. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). The proposed amendments would not have cured the pleading defects. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). Thus, the district court acted within its discretion in denying leave to amend.


The District Court's Refusal to Appoint Counsel for Mr. Amin

Mr. Amin claims the district court erred in refusing to appoint counsel. This alleged error is based on allegations that: (1) Mr. Amin could not fully access a law library, and (2) he was not able to understand the legal materials. In his eyes, these allegations warranted appointment of counsel. The district court held otherwise. Reviewing for abuse of discretion, we agree. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

12

Under 28 U.S.C. § 1915(e)(1), the district court lacked authority to appoint an attorney. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989). Instead, the court could simply request an attorney to take the case. *See id.* When a district court declines to request an attorney, we can reverse "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985).

When evaluating whether the denial of a request resulted in fundamental unfairness, we consider the merits, the nature and complexity of the claim, and the prisoner's ability to investigate and present his claims. *See Toevs*, 685 F.3d at 916. These factors weigh in favor of affirmance: Mr. Amin's claim is not complex, and he was able to investigate and present his claims before the district court and our court. Accordingly, the district court did not abuse its discretion in declining to appoint or request counsel for Mr. Amin.

## Conclusion

The Eleventh Amendment creates a jurisdictional bar on the official-capacity claims for damages. Thus, we remand with instructions to dismiss these claims without prejudice. We affirm the dismissal with prejudice on the

13

remaining claims.

Entered for the Court


Robert E. Bacharach
Circuit Judge